# Herdic's Appeal.

58  211
136  196

1. An agreement was made for the sale of a tract of land, excluding certain parts not particularly described; on a bill for specific performance, the court appointed a surveyor to survey the whole tract, and lay down the reservations.  *Held*, that the court might direct such a survey for its information.

2. The absence of a report of a master in a case heard on bill, answer and evidence, is a cardinal defect.

March 27th 1868.   Before Srong, Read, Agnew and Sharswood, JJ.   Thompson, C. J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Lycoming county.*   In Equity.

January 2d 1866, Peter Herdic filed a bill against John V. Woodward, setting out that on the 30th day of June 1864, the defendant gave to the plaintiff the refusal for sixty days of purchasing his farm, and that said refusal and proposition were accepted by the plaintiff on the 22d of August 1864.

That on the 22d of August, plaintiff served a notice of acceptance on defendant, and tendered to him the first payment of $5000.

That on the 24th of December, another agreement, in writing, was entered into, modifying the first in several particulars, amongst others, "that the conveyance to be executed by Woodward and his wife, is not to include in its boundaries any small lots or parcels of land which Woodward had sold to other parties by agreement in writing executed more than one year previous to the date of the agreement herein before recited, wherein such parties had taken possession and made payment:" averring a tender of full performance on the part of the plaintiff, and a refusal to perform on the part of the defendant, and praying for a decree of specific performance.

The defendant answered, admitting the' making of the agreements as set out in the bill, but denying all the other allegations of the bill, alleging that performance on the part of the plaintiff was a condition precedent to his demanding the deed; praying that the deed executed and tendered to plaintiff. might be filed and taken as part of the answer, and that the bill might be dismissed.

[Herdic's Appeal.]

The deed executed by the defendant and filed in court, excluded the lots which he alleged were reserved under the second agreement.

The court appointed an examiner to take testimony, and after hearing, appointed a surveyor to make a survey of the entire farm of the defendant, laying down the lots previously sold as ascertained by the court from the testimony, and particularly indicated in the order.

After the filing of the report of the surveyor, the court decreed that the defendant, upon receiving from plaintiff a bond and mortgage securing the payment of the balance of the purchase-money according to the stipulations in the agreement, should execute and deliver to the plaintiff a deed for the premises mentioned in the agreement, excluding from the deed certain lots particularly designated in the decree.

The plaintiff appealed, and assigned for error the decree of the court.

*H. C. Parsons* (with whom were *Bentleys & Eutermarks*), for appellant.

*G. W. Youngman,* for appellee.

The opinion of the court was delivered, May 9th 1868, by

READ, J.—This is a bill in equity for the specific performance of a contract by which the defendant sold the farm, on which he resided, to the plaintiff, upon certain terms and stipulations, contained in a memorandum between the said parties under seal, dated the 24th of December, A. D. 1864, modifying an agreement dated Williamsport, 30th June 1864, signed by the defendant, and an acceptance of it by the plaintiff dated the 22d August, in the same year.

From the decree of the court below the plaintiff appeals, and assigns two errors. 1. The appointment of a surveyor to survey the entire farm of the defendant and to lay down certain pieces sold to certain persons therein named. 2. To the decree ordering that the defendant shall execute and deliver to the plaintiff, upon receiving from him a bond and mortgage for the balance of the purchase-money, a deed for the premises excluding a reservation of twelve acres and the several lots or pieces of land in said portion of the decree mentioned and set forth.

The case was heard on bill, answer and evidence, without any report from a master, a cardinal defect in all such cases, but in the present instance remedied by the full statement of facts and findings by the learned judge in his opinion preceding the decree now appealed from. The only part of the agreement of which the construction was disputed was this clause, " and it is further

[Herdic's Appeal.]

understood and agreed between the parties that the conveyance so to be executed by said Woodward and wife shall not include in its boundaries any small lots or parcels of land which said Woodward may have sold to other parties by agreement in writing, executed more than one year previous to this date, where such parties have taken possession and made payments."

We think the first error is not sustained, for it was entirely within the power of the court to direct such a survey to be made for its information, and in this case it was eminently proper.

The court have found upon the evidence that certain parcels and pieces of land so surveyed and laid down are within the words and spirit of the above clause of the agreement, and they accordingly decree that the deed to be executed by defendant and wife shall exclude the reservation of twelve acres and the several lots or pieces of land mentioned in the decree with names and contents, and we see no reason to doubt the correctness of this decision. It leaves the legal title where it ought to be, in Mr. Woodward, to carry into full effect the sales thus made by him and which was never intended to be conveyed to Mr. Herdic.

We are informed that the defendant has complied with the decree so far as lay in his power.

We observe the costs in the court below are ordered to be paid by the defendant.

Appeal dismissed at the costs of the appellant, and the decree of the court below affirmed.